UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Sheila Moore
          Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER LUIZ LOPEZ,
POLICE OFFICERS JOHN DOE # 1 through
approximately # 5, the names being fictitious and presently
unknown, in their individual and official capacities as employees
of the City of New York Police Department
                               Defendants.
-------------------------------------------------------------X

11 CV 0975

COMPLAINT AND
JURY DEMAND



The Plaintiff, Sheila Moore, by her attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Lopez and Police Officers John Doe # 1-5, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

### VENUE

3.    Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the defendant NEW YORK CITY POLICE DEPARTMENT, particularly New York County, has its headquarters located within the boundaries of the Southern District of New York.

### PARTIES

4.    Plaintiff at all times relevant hereto resided in the City and State of New York.

5.    That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6.    THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Lopez and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a 21-year-old African-American single working mother with young children and no criminal history.

12. On November 19, 2010, Ms. Moore was unlawfully arrested by NYPD Detective Luiz Lopez, and subsequently booked and subjected to additional violations of her rights and liberty. This act by Lopez was the culmination of his unlawful acts against and mistreatment of Ms. Moore, including his unlawful disclosure of her HIV-positive status, as will be detailed below.

13. On May 21, 2010, James Carter, who has a child in common with Ms. Moore, broke into Ms. Moore's home in violation of a Full Order of Protection issued by the Kings County Criminal Court and reissued by the Kings County Supreme Court, by entering through a window.

14. Prior to this date, Carter had been arrested and charged on multiple occasions for assaulting Ms. Moore. His documented arrest history of domestic violence against Ms. Moore dates back between four and five years, and spans the 25 Precinct in Manhattan and the 73 Precinct in Brooklyn. See, for example, People v. Carter, Kings County Indictment 3632-2009 (Carter pled guilty, violation of probation pending in Part DV).

15. On May 21, 2010, Ms. Moore was pregnant, and Carter, after he broke in, punched Ms. Moore about the body. Ms. Moore attempted to escape by exiting the apartment and going down a set of stairs towards the front door.

16. Carter then grabbed Ms. Moore and dragged her down the stairs. While Ms. Moore was on the ground, Carter kicked her in the face and yelled at her, stating, among other things, that if he couldn't have her no one else would.

17. Carter fled the scene. Ms. Moore and a neighbor both called 911.

18. An ambulance then came to the scene and treated Ms. Moore.

19. Members of the NYPD then came to the scene and assisted Ms. Moore.

20. Ms. Moore was taken by ambulance to Brookdale Hospital where she was treated for her injuries and where tests were performed concerning the pregnancy.

21. Among other injuries, Ms. Moore sustained a black and blue eye that was swollen shut and bloody, and redness, swelling, and bruising about the body, face, and head.

22. Within days of the incident, Lopez met Ms. Moore for the first time and introduced himself as the case detective on this case and interviewed Ms. Moore.

23. Initially Lopez treated Ms. Moore respectfully.

24. Towards the end of the interview, Lopez began to interrogate Ms. Moore about her personal medical history and learned that Ms. Moore was diagnosed with HIV.

25. Lopez' attitude towards Ms. Moore then became hostile and he left.

26. Soon after the first meeting, Lopez contacted Ms. Moore, stating that Carter had been arrested and Ms. Moore was needed at the precinct for identification purposes.

27. Ms. Moore explained that she had child-care issues and it might take her some time to get to the precinct, but that she would be there. Lopez immediately became hostile and threatened to arrest Ms. Moore.

28. After the conversation, Lopez then went to Ms. Moore's home and performed an ID procedure. Lopez's demeanor was hostile, and he reiterated his threat to arrest Ms. Moore.

29. On or about June 1, 2010, Ms. Moore testified before a Kings County Grand Jury about this incident, and Carter was indicted. See People v. Carter, Kings County Indictment 4655-2010 (pending in Part DV).

30. On or about that same date, June 1, 2010, Ms. Moore learned that Lopez had disclosed her HIV-positive status to Carter's mother.

31. Over the next several months, Ms. Moore cooperated with the Kings County District Attorney's Office prosecution of Carter, for the underlying offense as well as his additional cases (See People v. Carter, Kings County Indictment 5560-2010; People v. Carter, Kings County Indictment 9211-2010; both cases pending in Part DV).

32. By November 19, 2010, Ms. Moore was the cooperative victim in at least three documented open Indictments against Carter (Kings County Indictments 4655-2010; 5560-2010; 9211-2010), and at least one additional Probation Violation (Kings County Indictment 3632-2009).

33. Nonetheless, on November 19, 2010, at approximately 10:30 a.m. Lopez came to Ms. Moore's home accompanied by at least two other NYPD Officers and arrested Ms. Moore based on allegations that Ms. Moore had assaulted Carter back on May 21, 2010 during his burglary and assault of Ms. Moore.

34. Ms. Moore reminded Lopez of the case, including that Lopez had arrested Carter back in May, as well as the fact that she had testified in the Grand Jury and there was a pending Indictment in the case against Carter. She also pleaded with Lopez to call the Kings County District Attorney.

35. Lopez ignored Ms. Moore's requests and forced her to arrange support for her children or else Administration for Child Services would get involved as well.

36. Lopez then arrested Ms. Moore and transported her to the 73 Precinct.

37. Ms. Moore was lodged at the 73 precinct for hours.

38. While at the 73, Ms. Moore was denied a phone call.

39. While at the 73, Ms. Moore, was cuffed while inside the precinct.

40. While at the 73, Ms. Moore was denied food while inside the precinct.

41. Eventually Ms. Moore was transported to Central Booking where she was again denied a phone call.

42. Ms. Moore spent the night at Central Booking.

43. On November 20, 2010, by approximately 9 p.m., Ms. Moore was arraigned under Kings County Criminal Court Docket 2010KN092079[1] and released on her own Recognizance. By then Ms. Moore had been in custody almost 36 hours.

44. On January 12, 2011, Ms. Moore appeared in Kings County Criminal Court AP1, where the case was dismissed and sealed[2].

45. Lopez's disclosure of Ms. Moore's HIV status is unforgiveable. Lopez knew that Ms. Moore was a victim of domestic violence. Lopez knew that Carter was regularly acting unlawfully against Ms. Moore, a persistent offender, a violator of Judicial, Court Ordered Orders of Protection in favor of Ms. More.

46. Ms. Moore needed and deserved Lopez's protection. Instead Lopez violated her rights, treated her as if she were less than human, and went so far as to unlawfully arrest and humiliate her.

47. Ms. Moore's arrest was committed without legal process and without probable cause.

48. Lopez and the defendants acted maliciously and intentionally, and are examples of gross police misconduct.

49. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Ms. Moore suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

50. Paragraphs 1 through 49 are herein incorporated by reference.

51. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

52. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

53. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Ten Million ($10,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

54. Paragraphs 1 through 53 are incorporated herein by reference.

55. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

56. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

57. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

58. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

---

[1] See Attachment 1: Kings County Criminal Court Complaint Docket 2010KN092079
[2] See Attachment 2: Certificate of Disposition

4

59. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

60. Defendants subjected plaintiff to false arrest and false imprisonment.

61. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

62. Paragraphs 1 through 61 are incorporated herein by reference.

63. Defendant Officer Lopez illegally arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty with probable cause.

64. That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

65. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

66. Paragraphs 1 through 65 are incorporated herein by reference.

67. Defendant Officer Lopez illegally arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty with probable cause.

68. That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

69. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

### FIFTH CAUSE OF ACTION
(ASSAULT)

70. Paragraphs 1 through 69 are incorporated herein by reference.

71. That the Court has pendant jurisdiction of this claim.

72. That as a result of the foregoing, the defendant Officer Lopez intentionally put the plaintiff in fear and fright of imminent physical harm.

73. That as a result of the foregoing, the defendant Officer Lopez intentionally disclosed plaintiff's HIV-positive status.

74. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants LOPEZ, the NEW YORK CITY POLICE DEPARTMETN, and CITY OF NEW YORK in the amount of Ten Million ($ 10,000,000.00) Dollars.

### SIX CAUSE OF ACTION
### (BATTERY)

75. Paragraphs 1 through 74 are incorporated herein by reference.

76. Defendant Lopez battered the plaintiff.

77. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants LOPEZ, the NEW YORK CITY POLICE DEPARTMETN, and CITY OF NEW YORK in the amount of Ten Million ($10,000,000.00) Dollars.

### SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

78. Paragraphs 1 through 77 are incorporated herein by reference.

79. Defendants caused a false accusatory instrument to be filed against plaintiff.

80. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

81. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

82. Plaintiff was damaged in the sum of Ten Million ($10,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

### REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Ten Million ($10,000,000.00) Dollars on each of the plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Ten Million ($10,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Dated: 14 February 2010
New York, New York

Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff

NOV-19-2010 19:42        NYPD 73PCT. DET SQUAD            718 495 5433      P.001/001

18B                                         X19050                   1/12/10
                                                                     AP1

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK     AP1          2010KN092079

                    v

SHEILA MOORE

DETECTIVE LUIS A LOPEZ SHIELD NO. 2659, OF 295 COMMAND SAYS THAT ON OR ABOUT MAY 21, 2010 AT APPROXIMATELY 11:50 PM AT INSIDE OF 912 SARATOGA AVE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

- PL 120.05(2)        ASSAULT IN THE SECOND DEGREE (DQO)
- PL 120.00(1)        ASSAULT IN THE THIRD DEGREE (DQO)
- PL 120.14(1)        MENACING IN THE SECOND DEGREE (DQO)
- PL 265.01(2)        CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE
- PL 110/120.00(1)    ATTEMPTED ASSAULT IN THE THIRD DEGREE (DQO)
- PL 120.15           MENACING IN THE THIRD DEGREE (DQO)
- PL 240.26(1)        HARASSMENT IN THE SECOND DEGREE

IN THAT THE DEFENDANT DID:

WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON; WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, ATTEMPT TO CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON; WITH INTENT TO CAUSE PHYSICAL INJURY TO ANOTHER PERSON, CAUSE SUCH INJURY TO SUCH PERSON OR TO A THIRD PERSON BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT; INTENTIONALLY PLACE OR ATTEMPT TO PLACE ANOTHER PERSON IN REASONABLE FEAR OF PHYSICAL INJURY, SERIOUS PHYSICAL INJURY OR DEATH BY DISPLAYING A DEADLY WEAPON, DANGEROUS INSTRUMENT OR WHAT APPEARED TO BE A PISTOL, REVOLVER, RIFLE, SHOTGUN, MACHINE GUN OR OTHER FIREARM; BY PHYSICAL MENACE, INTENTIONALLY PLACE OR ATTEMPT TO PLACE ANOTHER PERSON IN FEAR OF DEATH, IMMINENT SERIOUS PHYSICAL INJURY OR PHYSICAL INJURY; WITH INTENT TO HARASS, ANNOY OR ALARM ANOTHER PERSON; STRIKE, SHOVE, KICK OR OTHERWISE SUBJECT SUCH OTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPT OR THREATEN TO DO THE SAME; POSSESS ANY DAGGER, DANGEROUS KNIFE, DIRK, RAZOR, STILETTO, IMITATION PISTOL, OR ANY OTHER DANGEROUS OR DEADLY INSTRUMENT OR WEAPON WITH INTENT TO USE THE SAME UNLAWFULLY AGAINST ANOTHER.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT IS INFORMED BY JAMES CARTER THAT, AT THE ABOVE TIME AND PLACE, THE DEFENDANT DID STRIKE THE INFORMANT TO THE HEAD WITH A HARD OBJECT AND STRIKE THE INFORMANT TO THE FACE.

THE DEPONENT IS FURTHER INFORMED BY THE INFORMANT THAT THE ABOVE DESCRIBED ACTIONS CAUSED INFORMANT TO SUFFER A LACERATION TO THE HEAD REQUIRING SEVEN STAPLES, BRUISING, SWELLING AND BLEEDING TO THE EYE, TO SUFFER SUBSTANTIAL PAIN, TO FEAR FURTHER PHYSICAL INJURY AND TO BECOME ALARMED AND ANNOYED.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

11/19/2010 7:33:32 PM          K10711088       Arrested: 11/19/2010 13:05

**ATTACHMENT 1**

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                              CERTIFICATE OF DISPOSITION
                                                NUMBER:  326560
THE PEOPLE OF THE STATE OF NEW YORK
                VS

MOORE, SHEILA                                    03/05/1987
Defendant                                       Date of Birth

272 STANLEY AVENUE                               999980820
Address                                         NYSID Number

BROOKLYN          NY                             11/19/2010
City            State   Zip                     Date of Arrest/Issue

Docket Number: 2010KN092079                     Summons No:

120.05 120.00 120.14 265.01 110-120.00 120.15 240.26
Arraignment Charges


Case Disposition Information:

   Date          Court Action              Judge              Part
01/12/2011   DISMISSED AND SEALED         MONDO, S            AP1F
```

**SEALED**

**pursuant to Section 160.50 of the CPL**

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY          _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

PRANCKEVICUS, M
COURT OFFICIAL SIGNATURE AND SEAL                01/19/2011
                                                 DATE           FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)


## ATTACHMENT 2